IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **JOHN TOWNS, PAMELA TOWNS,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**WELLS FARGO BANK, N.A., d/b/a WELLS FARGO HOME MORTGAGE d/b/a AMERICA'S SERVICING COMPANY and U.S. BANCORP d/b/a U.S. BANK, NATIONAL ASSOCIATION,**<br><br>**Defendants.** | : | **No. 3:12-CV-142 (CAR)** |

**ORDER ON DEFENDANTS' MOTION TO DISMISS**

Before the Court is Defendants Wells Fargo Bank, N.A. d/b/a Wells Fargo Home Mortgage, d/b/a America's Servicing Company ("Wells Fargo") and U.S. Bancorp d/b/a U.S. Bank, N.A.'s ("U.S. Bank") (collectively, "Defendants") Motion to Dismiss [Doc. 4] Plaintiffs John and Pamela Towns's Complaint. The Motion is fully briefed and ripe for adjudication.

**LEGAL STANDARD**

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint.[1] To avoid dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain specific factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[2] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[3] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[4]

**BACKGROUND**

The facts in the light most favorable to Plaintiffs, the nonmoving party, are as follows. On May 31, 2006, Plaintiffs executed a Promissory Note securing a loan to purchase the property located at 1070 Oaklake Trail, Watkinsville, Georgia (the "Property"). The Note identifies Mortgage Lenders Network USA, Inc. ("MLN") as the Lender. The Note was, in turn, secured by a Security Deed that expressly identifies Mortgage Electronic Registration System, Inc. ("MERS") as "nominee" for MLN and its successors and assigns.[5] Following execution, America's Servicing

---

[1] *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).
[2] *Ashcroft v. Iqbal*, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[3] *Id.*
[4] *Twombly*, 550 U.S. at 556.
[5] [Doc. 1-1 ¶ 35, 36].

Company ("ASC") became the servicer for Plaintiffs' mortgage, and on October 28, 2008, Plaintiffs modified their loan naming ASC d/b/a for Wells Fargo, as "Lender." Plaintiffs allege that the records of Oconee County Superior Court reflect neither an assignment from MERS, as nominee for MLN, to ASC, d/b/a Wells Fargo, nor that the modification was recorded.

In March of 2011, Plaintiffs sought a second loan modification through ASC, this time under the Home Affordable Modification Program ("HAMP"). Prior to applying for the modification, an ASC representative recommended Plaintiffs stop making mortgage payments to show hardship, a prerequisite for HAMP eligibility. The representative also informed Plaintiffs a decision regarding their eligibility would be rendered within sixty days upon submitting their HAMP application. Pursuant to this advice, in June of 2011 Plaintiffs defaulted on their payments, and applied for a HAMP modification from ASC.

Meanwhile, unbeknownst to Plaintiffs, MERS, as nominee for MLN, assigned the Security Deed to U.S. Bank. This assignment was recorded on September 7, 2011. More than a year after submitting their request, Plaintiffs was denied a HAMP modification because the loan was "serviced for an investor (presumably U.S. Bank) that had not given ASC authority to modify [Plaintiffs'] loan.[6]

[6] *Id.* at ¶ 53.

Due to Plaintiffs' default, U.S. Bank initiated foreclosure on the Property. The Property was scheduled to be sold in a foreclosure sale on October 2, 2012.[7] The day before the date of the foreclosure sale, Plaintiffs filed the instant action in the Superior Court of Oconee County, Georgia, in which they alleged the following counts against Defendants: (1) third party beneficiary breach of contract (Count One); breach of implied covenant of good faith and fair dealing (Count Two); wrongful foreclosure (Count Three); and negligent implementation of HAMP (Count Four). Plaintiffs seek a temporary restraining order, injunctive relief, and damages as a result of Defendants' alleged wrongful foreclosure.

After filing their Complaint, the superior court issued a temporary restraining order against Defendants, enjoining them from foreclosing on the Property. Shortly thereafter, at a hearing held on October 19, the court granted Plaintiffs' request for an interlocutory injunction. Despite being served with process on October 8 and 15, Defendants Wells Fargo and U.S. Bank (respectively) failed to appear at this hearing to contest Plaintiffs' request.

On November 1, 2012, Defendants timely removed the action to this Court and filed the instant Motion to Dismiss. In their Motion, Defendants request that this Court (1) dismiss the action with prejudice, (2) dissolve the interlocutory injunction, and (3) deny Plaintiff's request for permanent injunctive relief.

[7] Plaintiff alleges ASC is a loan servicer with no beneficial interest in the Note or Security Deed.

**DISCUSSION**

In its Motion, Defendants assert that Plaintiff's complaint is subject to dismissal for insufficient service of process upon U.S. Bank and for failure to state a claim against Defendants upon which relief can be granted.

Service of Process of U.S. Bank

In their Motion, Defendants contend that the docket does not indicate U.S. Bank has been served with process, and therefore, that Plaintiff's claim against U.S. Bank should be dismissed for lack of personal jurisdiction. On December 7, 2012, Plaintiffs filed the Affidavit of Service with the Court, evidencing that U.S. Bank was properly served on October 15, 2012. Because the record indicates that Plaintiffs have properly served U.S. Bank with service of process, and therefore that the Court has personal jurisdiction over Defendant, Defendants' Motion to Dismiss U.S. Bank based on a failure to serve process is **DENIED**.

Claims Premised on HAMP

Next, the Court considers Plaintiffs' claims which are premised on HAMP, specifically breach of contract (Count One), breach of implied covenant of good faith and fair dealing (Count Two), and negligent implementation of HAMP (Count Four). In each of these claims, Plaintiffs rely on Defendants' failure to comply with their obligation under HAMP by declining to issue them a permanent loan modification.

The Eleventh Circuit has explicitly held that there is no private right of action, express or implied, under HAMP.[8]  Accordingly, Plaintiffs lack standing to pursue their claims for breach of contract (Count One), breach of implied covenant of good faith and fair dealing (Count Two), and negligent implementation of HAMP (Count Four).  Defendants' Motion with respect to Counts One, Two, and Four is **GRANTED**.

Wrongful Foreclosure

The Court next considers Plaintiffs' wrongful foreclosure claim (Count Three).  In particular, Plaintiffs contend that U.S. Bank, the assignee of MERS, is not the holder of the Note, and therefore cannot validly initiate foreclosure proceedings.  The Court will consider Plaintiffs' claim in two parts.

First, to the extent Plaintiffs' claim relies upon the alleged invalidity of the assignment of the Security Deed to U.S. Bank, Plaintiffs' theory lacks merit.  Georgia law is clear: "As a general rule, an action on a contract … shall be brought in the name of the party in whom the legal interest in the contract is vested, and against the party who made it in person or by agent."[9]  Because Plaintiffs are not a party to the

---

[8] *See Miller v. Chase Home Fin., LLC*, 677 F.3d 1113, 1116 (11th Cir. 2012) (holding plaintiff "lack[ed] standing to pursue breach of contract, breach of implied duty of good faith and fair dealing, and promissory estoppel claims insofar as they are premised on an alleged breach of [Defendant's] HAMP obligations.").  This authority is recognized by Plaintiffs in their Response Brief to preclude such private causes of actions.  [*See* Doc. 8-1 at 13].

[9] O.C.G.A. § 9–2–20(a); *see also, Woodberry v. Bank of Am., N.A.*, No. 1:11-CV-3637-TWT, 2012 WL 113658 (N.D. Ga. Jan. 12, 2012) ("Plaintiff does not have standing to challenge the assignment from MERS to BONY because he was not a party to the assignment."); *Rosenhaft v. BAC Home Loans Servicing, LP*, No. 1:11-CV-259-TWT, 2012 WL 484842 (N.D. Ga. Feb. 13, 2012) ("Plaintiff does not have standing to challenge the assignment from MERS to BAC because she was not a party to the assignment.").

assignment from MERS to U.S. Bank, they lack standing to challenge this assignment. Accordingly, to the extent Plaintiffs' wrongful foreclosure claim relies upon this theory, Defendants' Motion is **GRANTED**.[10]

However, to the extent Plaintiffs' claim focuses on the separation of the Note and Security Deed, the Court recognizes that a conflict of authority exists on this issue. The majority of judges in our sister courts have held that the holder of a security deed need not also possess or hold the note to conduct valid foreclosure proceedings under Georgia law.[11] However, as recognized by Judge Carnes in *You v. JPMorgan Chase Bank, N.A.*,[12] there is contrary authority in federal district courts as to this issue.[13] Consequently, the *You* court certified the following question to the Georgia Supreme Court: "Can the holder of a security deed be considered to be a secured creditor, such that the deed holder can initiate foreclosure proceedings on residential property even

---

[10] Defendants make this argument as to all of Plaintiffs' claims which are based on the validity of the assignment. Because the Court dismissed Plaintiffs' other claims above, the Court need only address this argument to the extent it relates to Plaintiffs' wrongful foreclosure claim.

[11] *See, e.g.,  Howard v. Mortg. Elec. Registration Sys., Inc.*, No. 1:10-cv-1630-WSD, 2012 WL 3582586, at *5 (N.D. Ga. Aug. 17, 2012) (holding that plain language of security deed foreclosed plaintiff's argument that MERS lacked standing to foreclose on property); *Montoya v. Branch Banking & Trust Co.*, No. 1:11-cv-1869-RWS, 2012 WL 856993, at *5 (N.D. Ga. Mar. 9, 2012) (rejecting wrongful foreclosure claim to the extent that it was based on a note-splitting theory); *Alexist v. Mortg. Elec. Registration Sys., Inc.*, No. 1:11-cv-1967-RWS, 2012 WL 716161, at *3 (N.D. Ga. Mar. 5, 2012) (holding that Georgia law does not preclude the holder of a security deed from initiating foreclosure if it does not also hold the note and finding that the plain language of the security deed granted MERS and its assignee the right to foreclose).

[12] No. 1:12-cv-202-JEC-AJB, 2012 WL 3904363, at *6 (N.D. Ga. Sept. 7, 2012).

[13] *Id.* at *5 (citing *Morgan v. Ocwen Loan Serv., LLC*, 795 F. Supp. 2d 1370, 1375 (N.D. Ga. 2011) (holding that "separation of the note and the security deed … create[s] a substantial question of what entity has the right to foreclose when the borrower defaults on the loan) and *Stubbs v. Bank of Am.*, 844 F. Supp. 2d 1267, 1273 n.3 (N.D. Ga. 2012) ("Georgia statutes and case law require the holder of the loan to carry out the foreclosure and to identify itself as the secured creditor of public record foreclosure prior to the foreclosure sale.")).

if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed."[14]

Because the Supreme Court of Georgia's decision will be dispositive of the issue of whether Plaintiffs' complaint asserts a viable claim for relief for wrongful foreclosure against U.S. Bank, the Court concludes that the best course of action is not to resolve Plaintiffs' wrongful foreclosure claim at this time.[15]  Pending resolution of the certified questions in the *You* case, Defendants' Motion to Dismiss with respect to this claim is **DENIED without prejudice**.[16]

Attorney's Fees

Lastly, Plaintiffs seek attorney's fees under O.C.G.A. 13-6-11.  To the extent this claim is premised on the dismissed claims above, Plaintiffs have not alleged Defendants acted in bad faith.  To the extent this claim relates to the prosecution of the foreclosure, Plaintiffs have not pointed to any evidence of pre-litigation bad faith or abusive litigation in this regard.  Moreover, the existence of split authority on this issue, as discussed above, undermines any argument Defendants acted in bad faith by

---

[14] *You v. JPMorgan Chase Bank, N.A.*, 1:12-cv-202-JEC, [Doc. 16, at 2] (N.D. Ga. Sept. 7, 2012).
[15] *See Patterson v. CitiMortgage, Inc.*, No. 1:11-CV-0339-CC, 2012 WL 4468750 (N.D. Ga. Sept. 26, 2012) (denying without prejudice wrongful foreclosure claim similar certified question in *You*); *U.S. Bank, N.A. v. Phillips*, --- S.E. 2d ---, 2012 WL 5935993 (Ga. App. 2012) (same, remanded with instruction to stay pursuant to *You*).
[16] At this time, the Court will not rule on Defendants' argument to dismiss Plaintiffs' damages and Plaintiffs' request for injunctive relief, both of which relate to their wrongful foreclosure claim.

proceeding to conduct the foreclosure.[17] Accordingly, Defendants' Motion with respect to Plaintiffs' attorneys' fees claim is **GRANTED**.

**CONCLUSION**

Based on the foregoing, Defendants Motion to Dismiss [Doc. 8] is **GRANTED in part** and **DENIED in part**. Defendants' Motion is **GRANTED** with respect to Plaintiffs claims for breach of contract (Count One), breach of implied covenant of good faith and fair dealing (Count Two), wrongful foreclosure based on the validity of the assignment (Count Three), and negligent implementation of HAMP (Count Four). Defendants' Motion is **DENIED in part** with respect to Defendants' argument regarding failure of service of process on U.S. Bank and **DENIED without prejudice** with respect to Plaintiffs' wrongful foreclosure claim based on the separation of the Security Deed and Note (Count Four), and their requests for injunctive relief and emotional distress damages. The instant action is accordingly **STAYED** pending the Georgia Supreme Court's decision in *You v. JP Morgan Chase Bank, N.A.*[18]

As the Court can take no further action pending the resolution of the certified question in *You*, this action is **ADMINISTRATIVELY CLOSED**. Within sixty (60) days from the date of the decision of the Georgia Supreme Court in *You*, the parties shall notify this Court of the decision and indicate how they wish to proceed. At that time, the Court will administratively reopen the action and proceed with the litigation.

---

[17] *See Patterson*, 2012 WL 4468750, at *16.

[18] No. 1:12-cv-202-JEC-AJB, 2012 WL 3904363, at *6 (N.D. Ga. Sept. 7, 2012).

**SO ORDERED,** this 1st day of February, 2013.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH