IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JOHN TOWNS and PAMELA TOWNS, | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : No. 3:12-CV-142 (CAR) |
| WELLS FARGO BANK, N.A., d/b/a WELLS FARGO HOME MORTGAGE d/b/a AMERICA'S SERVICING COMPANY and U.S. BANCORP d/b/a U.S. BANK, NATIONAL ASSOCIATION, | : |
| | : |
| Defendants. | : |

**ORDER**

Before the Court is Defendants Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A. ("Wells Fargo") and U.S. Bank, N.A.'s ("U.S. Bank") status report that the Court construes as a Motion to Dismiss [Doc. 11]. On June 21, 2013, the Court permitted Plaintiffs John and Pamela Towns to file a response to Defendants' filing.[1] Plaintiffs, however, did not respond, and the time in which to do so has expired. As discussed below, because the Georgia Supreme Court in *You v. J.P. Morgan Chase Bank, N.A.* (hereinafter "*You II*"),[2] has held that "[u]nder current Georgia law, the holder of a

---

[1] [Doc. 12].
[2] No. S13Q0040, 2013 WL 2152562, at *6 (Ga. May 20, 2013) (hereinafter "*You II*").

1

deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed,"[3] Defendants' Motion to Dismiss [Doc. 11] is **GRANTED**.

In its February 1, 2013 Order, the Court dismissed all of Plaintiffs' claims, except the wrongful foreclosure and attorney's fees claims.[4]  Plaintiffs' wrongful foreclosure claim alleged that Defendants, who held the security deed to the subject property, were not authorized to foreclose because they also did not hold the promissory note.  The Court acknowledged that our sister court in *You v. J.P. Morgan Chase Bank, N.A.* (hereinafter "*You I*"),[5] was recently confronted with the same legal issue and recognized the split of binding authority on this issue.[6]  The court consequently certified the following questions[7] to the Georgia Supreme Court:

> (1) Can the holder of a security deed be considered to be a secured creditor, such that the deed holder can initiate foreclosure proceedings on residential property even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the debt?

---

[3] *Id.* at *6.
[4] [Doc. 10].
[5] 1:12-cv-202-JEC-AJB (N.D. Ga. Sept. 7, 2012) ("*You I*").
[6] *Id.*, Doc. 15 at 10-15.
[7] The court also certified a third question in the event that the Georgia Supreme Court answered the second question in the affirmative.  *You I*, 1:12-cv-202-JEC-AJB, Doc. 16 at 2.  However, because the Georgia Supreme Court answered question two in the negative, it was unnecessary for the court to answer the third question.  *You II*, 2013 WL 2152562, at *6.

(2) Does O.C.G.A. § 44–14–162.2(a) require that the secured creditor be identified in the notice prescribed by that statute?[8]

When the Court originally considered Defendants' motion to dismiss, the Georgia Supreme Court had not yet answered these certified questions. As a result, the Court denied Defendants' motion without prejudice as to Plaintiffs' wrongful foreclosure and attorney's fees claims pending the Georgia Supreme Court's resolution of the certified questions. The Court also administratively closed the action and instructed the parties, in part, to promptly submit a status report notifying the Court of the Georgia Supreme Court's decision.

On May 20, 2013, the Georgia Supreme Court entered judgment in response to the certified questions. The court answered the first question in the affirmative and stated "[u]nder current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed."[9] The court answered the second question in the negative, i.e., the secured creditor is not required to be identified in the notice required by O.C.G.A. § 44–14–162.2, so long as the notice "'include[s] the name, address, and telephone number of

---

[8] *You I*, 1:12-cv-202-JEC-AJB, Doc. 16 at 2.
[9] *You II*, 2013 WL 2152562 at *6.

the <u>individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor</u>.'"[10]

In light of the Georgia Supreme Court's holding in *You II*, the Court finds that Defendants were authorized to foreclose on the subject property and exercise the power of sale by virtue of holding the security deed at the time of the foreclosure. Consequently, Plaintiffs' wrongful foreclosure and attorney's fees claims fail as a matter of law and Defendants' Motion to Dismiss [Doc. 11] is **GRANTED**. Plaintiffs' Complaint is **DISMISSED** in its entirety.

**SO ORDERED,** this 17th day of July, 2013.

<u>S/  C. Ashley Royal</u>
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH

---

[10] *Id.* (quoting O.C.G.A. § 44–14–162.2 (emphasis in original)).